FILED
SUPERIOR COURT
OF GUAM

2019 APR 23 PM 4: 37

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0751-18 |
| | ) | |
| vs. | ) | DECISION AND ORDER |
| | ) | (Motion for Bail Redetermination) |
| GERARD DEGUZMAN BELGA, | ) | |
| DOB: 10/13/1987 | ) | |
| Defendant. | ) | |
| | ) | |

### Introduction

This matter came before the Honorable Anita A. Sukola on Defendant Gerard Deguzman Belga's ("Defendant") Motion for Release. Defendant is represented by Attorney Karlo Dizon. The People of Guam are represented by Assistant Attorney General Dannis Le. A Motion Hearing was held on March 6, 2019. Having reviewed the parties' arguments, the record, and the relevant law, the Court ruled from the bench DENYING Defendant's Motion. The Court issues this Decision and Order to memorialize its ruling and in compliance with 8 Guam Code Annotated ("GCA") § 40.50.

### Background

Defendant is charged with one count each of FORGERY (As a Third Degree Felony) and ATTEMPTED FORGERY (As a Third Degree Felony). Indictment (Dec. 27, 2018). A Commitment Order was issued on December 18, 2018, setting bail at $3,000.00. Commitment Order (Dec. 18, 2018).

### Discussion

Section 40.50 of Title 8 of the Guam Code states, "A person for whom conditions of release are imposed pursuant to this Chapter, and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA §40.50.

Section 40.10 of the Guam Code provides that "every person charged with an offense

shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." Id. § 40.10. Section 40.15 (b) requires, "The judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). *Id.* § 40.15(b). The law identities several factors in making such a determination, which include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (A) length of his/her residence on Guam;
    (B) his/her employment status and history, and financial condition;
    (C) his/her family ties and relationships;
    (D) his/her reputation, character, and mental and physical condition;
    (E) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (F) his/her history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his/her reliability;
    (H) whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and
    (I) his/her history of compliance with other court orders;
(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and
(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

*Id.* 40.15(c). If a Court finds that a defendant is not suitable for release, it is to impose the least onerous of the following conditions of release:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in court;
(b) placement of restrictions on the activities, movements, associations, and residence of the person;
(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules

established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he/she return to custody at specified times

*Id.* §40.20

Defendant states that he and his family are unable to post the $3,000.00 cash bail. Mot. for Release (Feb. 5, 2019). Defendant further states that he has strong familial ties to the island, is not a flight risk, and is willing to comply with any release conditions the Court deems appropriate. Id.

At a Criminal Trial Setting before the Court on January 31, 2019, the Court was informed that Defendant was also confined on a parole hold. This parole hold stems from Defendant's guilty plea in CF0274-14, a matter presided over by this Court, to one count of Retail Theft (as a Third Degree Felony) on May 27, 2016. As part of the Plea Agreement in CF0274-14, the court sentenced Defendant to three (3) years of incarceration, all but thirty (30) months suspended, followed by a parole term of three (3) years, and restitution in the amount of one thousand two hundred twenty-six dollars ($1,226.00). Plea Agreement (June 9, 2016).

The Court finds that release is inappropriate at this time because Defendant is a risk to the community. In consideration of Defendant's prior criminal history, current financial status, and previous willingness to violate Court orders, the Court finds that the release of Defendant would put the community at risk for further property crimes.

## Conclusion

For the reasons stated above, the Court hereby DENIES Defendant's Motion for Release.

SO ORDERED this _____ 4/23/19 _____, *nunc pro tunc* March 6, 2019.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Date: 4/23/19   Time: 5p

Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ANITA A. SUKOLA**
**Judge, Superior Court of Guam**

*People v. Belga;* CF00751-18
D&O Denying Defendant's Motion for Release